IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW TOLIVER, <br> TDCJ No. 1715875, § <br> § <br> Petitioner, § <br> § <br> V. § <br> § <br> DAVID GUTIERREZ and BRIAN § <br> COLLIER, § <br> § <br> Respondents. § | | No. 3:20-cv-3109-E-BN |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Andrew Toliver, a former Texas prisoner, residing at a free world address in this district, filed a construed *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus accusing Texas parole officials of "knowingly making false entries on government record, to wit: pre-release form to indicate release of a greater charge offense than the current Indictment allege[d]." Dkt. No. 3 at 1.

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

And, on October 16, 2020, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss the construed Section 2254 habeas application without prejudice [Dkt. No. 4] (the "Initial FCR").

The Initial FCR observed in part,

> [m]ore broadly, if the relief that Toliver now seeks does not accelerate
> his release from custody – for example, accelerate his discharge from

> parole – it would not seem that he seeks habeas relief related to the parole allegations. *See, e.g.*, *Umarbaev v. Moore*, No. 3:20-cv-1279-B, 2020 WL 3051448, at *4 (N.D. Tex., Jun. 6, 2020) ("[T]he 'simple, bright-line rule' adopted by the Fifth Circuit – that habeas is the proper vehicle where a favorable determination would result in accelerated release – is limited to a petitioner challenging a condition or procedure 'that affects the timing of his release from custody.'" (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997))); *see also Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) ("We have explained that although a § 1983 suit can be used to challenge unconstitutional parole procedures, when a prisoner challenges the result of a specific defective parole hearing or the board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued in a habeas corpus proceeding." (citing *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *In re Cain*, 137 F.3d 234 (5th Cir. 1998))). And this case should be dismissed without prejudice to his ability to re-file it as a civil rights action.

Dkt. No. 4 at 7.

One week later, Toliver filed an "amended petition" [Dkt. No. 6], through which he seeks monetary damages from the state parole officials he named as respondents in the initial filing "in their official capacit[ies]."

The undersigned therefore enters these supplemental findings of fact, conclusions of law, and recommendation that the Court should dismiss what essentially is a civil rights complaint and direct the Clerk of Court to open for statistical purposes a new action under 42 U.S.C. § 1983 and close the same based on any order accepting or adopting these supplemental findings, conclusions, and recommendation.

Because Toliver has sued state parole officials in their official capacities, "those claims are against the entity that [they represent], that is, the Texas Board of Pardons and Paroles" and are therefore "barred by the Eleventh Amendment." *Beaty v. Tex. Bd. of Pardons & Paroles*, Civ. No. CC-07-037, 2008 WL 447724, at *6 (S.D.

Tex. Feb. 18, 2008) (noting that the Board "is a division of the [Texas Department of Criminal Justice,] a state agency, and as such, is 'cloaked with Eleventh Amendment immunity'" (quoting *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); citations omitted)); *accord Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978))).

Accordingly, upon screening, Toliver's civil claims must be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief.").

And, because civil and habeas claims may not be prosecuted through the same lawsuit, the Court should open a new civil action to account for Toliver's supplemental filing.[1]

---

[1] *See, e.g.*, *Adamore v. Dallas Cnty. Sheriff Office*, No. 3:17-cv-1077-N-BN, 2017 WL 3328124, at *2 (N.D. Tex. July 7, 2017) ("A petitioner who 'seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas corpus action pursuant to 28 U.S.C. § 2254,' seeks 'two forms of relief that cannot be obtained in the same suit.' *Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011). And, where a prisoner brings both 'habeas and § 1983 claims,' the district court is 'required' to '"separate the claims and decide the § 1983 claims."' *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); further collected cases omitted); *see also, e.g.*, *Frankin v. Bd. of Pardons & Paroles*, No. 3:10-cv-1830-K (BK), 2010 WL 4668471, at *2 (N.D. Tex. Oct. 19, 2010) ('construing Petitioner's memorandum in support of the

**Recommendation**

The Court should dismiss the construed civil rights complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and direct the Clerk of Court to open for statistical purposes a new action under 42 U.S.C. § 1983 and close the same based on any order accepting or adopting these supplemental findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

---

petition as also raising a section 1983 claim,' dismissing habeas petition without prejudice for failure to exhaust state court remedies, but also opening a new Section 1983 action), *rec. adopted*, 2010 WL 4668464 (N.D. Tex. Nov. 8, 2010); *Reed*, 2011 WL 3924171, at *2 ('in an abundance of caution, sever[ing] the case into a civil rights claim and [a] habeas corpus petition' (citation omitted))."), *rec. accepted*, 2017 WL 3316224 (N.D. Tex. Aug. 3, 2017).

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 28, 2020

                                                                        DAVID L. HORAN
                                                                        UNITED STATES MAGISTRATE JUDGE